# IN THE COURT OF APPEALS OF IOWA

No. 18-1763
Filed November 6, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**EDDIE DONOVAN DELONG,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cherokee County, David A. Lester,

Judge.

Eddie DeLong appeals part of his restitution order. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Maria

Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Eddie DeLong appeals his restitution order, claiming there is not an adequate causal connection between the ordered restitution and his crimes. We find substantial evidence supports the district court's findings and affirm.

## I.      Background Facts & Proceedings

In the summer of 2016, DeLong provided a fourteen-year-old with alcohol and committed a sex act against her. The next morning, she had blood on her underwear, her pants were on backward, and her vaginal area hurt. On November 30, 2017, a jury convicted DeLong of sexual abuse in the third degree as a habitual offender and of supplying alcohol to a minor. We affirmed the convictions on appeal. *State v. DeLong*, 18-0588, 2019 WL 2144638, at *4 (Iowa Ct. App. May 15, 2019).[1] The crime victim compensation program (CVCP) made payments for physical and mental-health care for the victim.

The parties requested a restitution hearing, which occurred on June 22, 2018. The only witness to testify was Ruth Walker, the restitution subrogation coordinator for the CVCP. Walker described the approval process used by the CVCP to determine if claimed charges relate to the offenses before issuing payment. The process involves the treating facility submitting a medical-expense verification form, CVCP reviewing the medical records for each request and comparing them to the crime, and a second review performed by a compensation specialist before approval. Each verification form includes a question whether the services "were a direct result of the crime."

---

[1] We reversed his sentencing for a habitual-offender colloquy consistent with *State v. Harrington*, 893 N.W.2d 36 (Iowa 2017). *DeLong*, 2019 WL 2144638, at *5.

At the hearing, a summary and copies of the billing records were submitted into evidence, but the actual medical records were not submitted due to confidentiality requirements.[2] During cross-examination, when asked if and how specific physical medical treatments related to the crime, Walker stated, "This is a sexual assault victim. So her injuries are not just going to be from that one particular day. This could be going on for years, treatment she may need because of that crime. . . . The treatment that she's receiving is related to the crime."

On September 12, DeLong was ordered to pay $2740.95—the full amount of restitution requested. He appeals.

## II.     Standard of Review

"We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). "In the review of a restitution order, 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *State v. Edouard*, 854 N.W.2d 421, 450 (Iowa 2014) (quoting *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013)), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016).

## III.     Analysis

"In all criminal cases in which there is a . . . verdict of guilty, . . . the sentencing court shall order that restitution be made, . . . to the extent that the offender is reasonably able to pay, for crime victim assistance

---

[2] Iowa Code section 22.7(2) (2016) designates hospital and medical records as confidential unless otherwise ordered by a court, the record's lawful custodian, or a person duly authorized to release the information.

reimbursement . . . ." Iowa Code § 910.2(1). DeLong contests some of the expenses paid by the CVCP for medical treatment on behalf of the minor victim. He claims the State has not shown a causal connection between the expenses and his offenses as required by Iowa Code section 915.86. *See State v. Jenkins*, 788 N.W.2d 640, 645–46 (Iowa 2010) (holding an offender may challenge the amount of restitution). DeLong isolates medical expenses relating to physical-health treatments incurred after the initial examination, arguing they cannot have a causal connection to his offense "in a case where there wasn't any physical bodily injury."

"[A]mounts paid to victims by the CVCP may not be automatically charged back to the defendant." *Edouard*, 854 N.W.2d at 450 (citing *Jenkins*, 788 N.W.2d at 645–47). "[T]he district court may review whether there was a sufficient causal link as a matter of fact between [CVCP payments] and [DeLong's] criminal activity . . . ." *See Jenkins*, 788 N.W.2d at 647. DeLong claims nothing in the record shows the medical expenses were related to his crime. However, treatment-provider verification forms indicated direct causal connection, CVCP's review determined causal connection, and Walker testified the treatments were causally connected to the sexual assault. *See Edouard*, 854 N.W.2d at 451 (finding signed verification forms from treatment providers that the treatments were provided as a result of the crime, coupled with confirmation by the coordinator and the offender presenting no evidence to the contrary constituted substantial evidence). The district court reviewed the causal link between the restitution claims and the offenses and found the amounts requested were causally related

to the crimes committed by DeLong.  We find substantial evidence supports the district court's findings.

**AFFIRMED.**